**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melissa L. Hatfield,<br><br>              Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>              Defendant. | No. CV-22-00840-PHX-JJT<br><br>**ORDER** |

At issue is the denial of Plaintiff Melissa L. Hatfield's Application for Disability Insurance Benefits by the Social Security Administration under the Social Security Act. Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 11, Pl. Br.), Defendant Social Security Administration Commissioner's Response Brief (Doc. 12, Def. Br.), and Plaintiff's Reply (Doc. 13, Reply). The Court has reviewed the briefs and Administrative Record (Doc. 10, R.) and now reverses the Administrative Law Judge's (ALJ) decision (R. at 1083–1105).

**I.     BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits on June 10, 2014, for a period of disability beginning on April 28, 2014. (R. at 21.) Her claim was denied initially on November 17, 2014, and upon reconsideration on June 25, 2015. (R. at 21.) On April 27, 2017, Plaintiff appeared before the ALJ for a hearing regarding her claim. (R. at 21.) On

August 18, 2017, the ALJ denied Plaintiff's claim. (R. at 21–35, "2017 ALJ Decision.") On July 13, 2018, the Appeals Council denied Plaintiff's Request for Review of the 2017 ALJ decision. (R. at 1–3.) Plaintiff's date last insured for Social Security purposes was December 31, 2018. (Pl. Br. at 2 & n.2.)

On August 8, 2019, District of Arizona Judge Steven P. Logan remanded Plaintiff's application to the Social Security Administration for further proceedings, specifically requesting that the ALJ "reanalyze the opinion of Dr. Edelstein and Plaintiff's symptom testimony." (R. at 1185–91, "2019 D. Ariz. Order.") Plaintiff appealed Judge Logan's decision to the Ninth Circuit Court of Appeals, arguing that the District Court abused its discretion in remanding for further proceedings instead of directing payment of benefits. (R. at 1209–12, "2021 9th Cir. Decision.") The Ninth Circuit affirmed Judge Logan's decision, finding that further proceedings were necessary to determine whether Plaintiff can type, develop the record as to Plaintiff's memory loss, and resolve any discrepancies between Dr. Edelstein's opinion and Plaintiff's symptom testimony. (2021 9th Cir. Decision at 2–3.)

A second ALJ held a hearing and heard additional testimony from Plaintiff and a Vocational Expert (VE) on December 13, 2021. (R. at 1114–47.) That ALJ entered the second decision denying Plaintiff's application on February 9, 2022. (R. at 1083–1105, "2022 ALJ Decision.")[1]

The Court has reviewed the record and will discuss the pertinent medical evidence in addressing the issues raised by the parties. Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the severe impairments of asthma, Lupus, Sjogren's Disease, fibromyalgia, coronary artery disease, history of congestive heart failure, and osteoarthritis in the bilateral knees. (R. at 1086.)

Ultimately, the second ALJ evaluated the medical evidence and testimony and concluded that Plaintiff is not disabled. (R. at 1105.) In so doing, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or

---

[1] No review by the Appeals Council of the ALJ's February 9, 2022 decision is found in the record.

medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (R. at 1089.) The ALJ found that Plaintiff has the Residual Functional Capacity (RFC) to perform light work. (R. at 1093.) Accordingly, the ALJ found that Plaintiff can perform work in the national economy, including as a cashier (with a stool), office helper, or parking lot attendant, such that Plaintiff is not under a disability as defined in the Social Security Act. (R. at 1105.)

## II.     LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.*; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not

disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

**III.    ANALYSIS**

Plaintiff raises three arguments for the Court's consideration, namely, (1) the ALJ failed to give specific and legitimate reasons supported by substantial evidence in declining to incorporate the assessments of Plaintiff's treating and examining physicians in formulating Plaintiff's RFC; (2) the ALJ failed to provide specific, clear and convincing reasons in discounting Plaintiff's testimony; and (3) the ALJ failed "to support the step-five finding with substantial evidence." (Pl. Br. at 2.)

    **A.    The Assessments of Dr. Edelstein**

With regard to the Court's review of an ALJ's decision denying an Application for Disability Insurance Benefits filed prior to 2017, such as the one before the Court, while "[t]he ALJ must consider all medical opinion evidence," there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "The medical opinion of a claimant's treating physician is given 'controlling weight' so long as 'it is well–supported by medically acceptable clinical and laboratory diagnostic techniques

and is not inconsistent with other substantial evidence in [the record].'" *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 1995) (citing 20 C.F.R. § 404.1527(c)(2)). If a treating physician's opinion is not given controlling weight, then the ALJ must consider the relevant factors listed in 20 C.F.R. § 404.1527(c)(2)–(6) and determine the appropriate weight to give the opinion. *Orn*, 495 F.3d at 632. If a treating physician's opinion is contradicted by another doctor's opinion, the ALJ cannot reject the treating physician's opinion without "setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).

In the prior review of this case by the Court, Judge Logan found the first ALJ erred in rejecting the opinion of Dr. Joel Edelstein, Plaintiff's long-time primary care physician, observing that,

> [o]n March 31, 2017, in contrast to nonexamining physicians, Dr. Edelstein opined that Plaintiff experienced pain, fatigue, and weakness as a result of her impairments that would limit her ability to do the following in a work setting: concentrate, maintain interpersonal relationships, respond to customary work pressures or stress, and provide consistent effort. (R. at 990.) Additionally, Dr. Edelstein believed Plaintiff's impairments would likely produce good days and bad days, and he estimated Plaintiff would miss more than four days of work per month as a result of her impairments or treatment for the same. (R. at 990.)
>
> . . . In [assigning "little weight" to Dr. Edelstein's opinion], however, the ALJ failed to cite evidence in the record that explains how [the results of Plaintiff's physical examinations] undermine Dr. Edelstein's conclusions regarding the severity of Plaintiff's pain, fatigue, and weakness and the limitations caused thereby. *See Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.") Because the ALJ failed to explain how her reasoning is supported by evidence in the record, it cannot serve as specific and legitimate reasoning to reject Dr. Edelstein's opinion.

(2019 D. Ariz. Order at 4–5.)

In the second ALJ decision, although Dr. Edelstein has stated he has treated Plaintiff for more than 25 years, the ALJ gives Dr. Edelstein's assessment of Plaintiff's work

limitations "no weight," citing numerous sections of Plaintiff's medical treatment record to conclude they contradict Dr. Edelstein's opinion. (R. at 1094–99.) But the record does not bear that conclusion out. For example, the ALJ cites "4F, 16–17, 6F 1–2, 7–8, 11F, 47–49" as instances in which Plaintiff "has denied headaches." (R. at 1099.) A reading of those records reveals the opposite. The first citation is to Dr. Edelstein's December 22, 2014 examination of Plaintiff, in which he notes "migraine headache" as one of Plaintiff's "active problems." (R. at 434 (4F at 16).) The second citation is to the treatment notes of Siama Chohan, M.D., the rheumatologist Plaintiff sees for the treatment of Lupus. The ALJ cites Dr. Chohan's February 3, 2016 treatment notes, but in those notes, Dr. Chohan actually states that Plaintiff continues to suffer from "diffuse headaches (despite use of butalbital; these are worse than her typical headaches)." (R. at 550–53 (6F at 1–4).) The third citation is to Dr. Edelstein's March 31, 2017 examination of Plaintiff, in which he again lists "migraine headache" as one of Plaintiff's "active problems." (R. at 1031 (11F at 48).)

While Dr. Edelstein's notes also indicate that Plaintiff was not suffering from migraine headaches *at* certain appointments (R. at 434, 1031), those observations do not constitute Plaintiff's denial of chronic migraine headaches—as the ALJ concludes (R. at 1099)—when they are followed by a note that migraine headaches continue to be an active problem. Again, one of the ALJ's citations—to Dr. Chohan's treatment notes—actually indicates Plaintiff's headaches are worse than usual. (R. at 551–52.) While the ALJ's opinion states she "can only look at the evidence in the record," the Court finds no evidentiary support in the record to support the ALJ's finding that Plaintiff "has denied headaches." (R. at 1099.)[2] The ALJ's use of that unsupported finding to discount Dr. Edelstein's evaluation of Plaintiff was thus legal error, that is, a failure to give specific and legitimate reasons supported by substantial evidence. *See Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008).

---

[2] Dr. Edelstein stated he saw Plaintiff 22 times from 2013 to 2017 to try to "help her joint pains, muscle weakness, and poor sleep and fatigue." (R. at 1423.) The Court finds no instances within the treatment records of those visits in which Plaintiff "denied headaches."

- 6 -

Consistent with his initial assessment of Plaintiff, in the follow-up assessment provided after remand, Dr. Edelstein opined that Plaintiff's "mental functioning [is] severely impaired with migraines which occur 10–15x a month which do not respond to triptens. Neurology consult confirms." (R. at 1422.) In the absence of legally sufficient reasons to discount the opinion of Plaintiff's primary care provider regarding Plaintiff's chronic migraine headaches, the ALJ erred in giving it no weight.

In contrast to the nonexamining physicians' opinions, Dr. Edelstein also opined that Plaintiff's activities were limited by pain, fatigue, and weakness (R. at 990), and again the treatment record supports that conclusion. The record is replete with treatment notes chronicling Plaintiff's fatigue associated with Lupus and treatment therefor. In response to Judge Logan's Order, the ALJ provided citations to the record and stated they showed inconsistencies in Plaintiff's reports of pain, fatigue, and weakness (R. at 1094–1100), but those citations again do not substantiate that conclusion. Indeed, they principally corroborate Dr. Edelstein's assessment, or at most indicate that Plaintiff was not suffering severe pain or fatigue *at* a certain medical appointment; they do not show that Plaintiff did not suffer chronic pain or fatigue at all. Taking the ALJ's first citation as but one example (R. at 1098), it is to Dr. Chohan's July 17, 2014 treatment notes (1F at 3–8). There, Dr. Chohan writes that Plaintiff "reports approximately 4 [months] ago she began to develop diffuse neck (anterior and posterior) swelling with pain." (R. at 266 (1F at 4).) Dr. Chohan observed, "Currently with pain with moving her head and limitation of [range of motion], diffuse headaches." (R. at 266 (1F at 4).) In sum, the ALJ also erred by failing to give specific and legitimate reasons to discount Dr. Edelstein's assessment that Plaintiff's work activities would be limited by pain, fatigue, and weakness.

**B.     Plaintiff's Symptom Testimony**

The second ALJ also erred in evaluating Plaintiff's symptom testimony for many of the same reasons the Court discussed above with regard to the weighing of Dr. Edelstein's evaluation.

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). If the claimant presents such evidence, then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). But the ALJ may properly consider that the medical record lacks evidence to support certain symptom testimony. *Id.* at 681.

The Ninth Circuit, in its review of this case, observed "inconsistencies between [Plaintiff's] testimony and Dr. Edelstein's opinion" that it advised the second ALJ to resolve, notably regarding Plaintiff's ability to sit and for how long. (2021 9th Cir. Decision at 3.) In this regard, the second ALJ stated that although Plaintiff "alleges she cannot sit very long," she also alleges "she can watch a 2.5 hour movie." (R. at 1101.) The logical disconnect is obvious; nothing in the record identifies in what position Plaintiff watches a movie or whether it is equivalent to the seated position over an extended period of time in a workplace, and indeed Plaintiff also testified among other things that she must elevate her legs regularly at the direction of her doctors. (R. at 1101.) *See Vertigan v. Halter*, 260 F.3d 1044, 149–50 (9th Cir. 2001) (the ALJ may err in evaluating symptom testimony by failing to substantiate that a substantial part of a claimant's typical day is spent doing an activity that would transfer to a work environment).

The other instances in which the ALJ characterized Plaintiff's testimony as contradictory generally suffer the same logical disconnect. (R. at 1101.) With regard to whether Plaintiff can type—a skill needed in many jobs in the national economy—the Ninth Circuit advised that additional evidence demonstrating whether Plaintiff can type or not "may be critical to resolving this case." (2021 9th Cir. Decision at 2–3.) No new evidence testing Plaintiff's ability to type is presented in the second ALJ's decision, but the ALJ states that Plaintiff's use of a cell phone and iPad is equivalent to typing because they all require hand/eye coordination. (R. at 1101.) While that may be true, typing may very well require a higher level of hand/eye coordination than Plaintiff possesses. The evidence in the record does not clearly and convincingly refute Plaintiff's testimony that she cannot type. In any event, the disposition of this case does not turn on Plaintiff's ability to type, considering the evidence of other limits in Plaintiff's ability to perform substantial work activity on a regular and continuing basis.

### C.    Credit as True

The remaining question is the proper remedy. Plaintiff argues her case should be remanded for a calculation of benefits under the credit-as-true rule. The credit-as-true rule, if applied, results in a remand of Plaintiff's case for a calculation and payment of benefits. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). It applies if each part of a three-part standard is satisfied. *Id*. First, the record must have been fully developed and further administrative proceedings would serve no useful purpose. *Id*. Next, the ALJ must have failed to provide sufficient reasons for rejecting claimant's testimony or medical opinions. *Id*. Finally, if the improperly discredited evidence were credited as true, then the ALJ would be required to find the claimant disabled. *Id*.

The Court agrees that Plaintiff's case presents the "rare circumstances" in which the credit-as-true rule applies. *Treichler*, 775 F.3d at 1099. First, the record in this case was fully and extensively developed and further proceedings would be unproductive. Next, as discussed above, the ALJ failed to provide legally sufficient reasons for rejecting the assessment of Dr. Edelstein, Plaintiff's treating physician. The ALJ also failed to properly

1  weigh Plaintiff's symptom testimony. Finally, if the improperly discredited evidence were
2  credited as true, then considering the whole record, including the testimony of the
3  Vocational Experts (R. at 71–72, 1143–45), the ALJ would be required to find that Plaintiff
4  is disabled.

5        Defendant has not identified any useful purpose that would be served by remanding
6  this case for an ALJ to evaluate Dr. Edelstein's assessment or Plaintiff's credibility for a
7  third time. The Court therefore will remand this case for a calculation and entry of benefits.

8        **IT IS THEREFORE ORDERED** reversing the February 9, 2022 decision of the
9  Administrative Law Judge (R. at 1083–1105).

10        **IT IS FURTHER ORDERED** remanding this case to the Social Security
11  Administration for a calculation and entry of benefits.

12        **IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment and
13  close this case.

14        Dated this 22nd day of September, 2023.

                              Honorable John J. Tuchi
                              United States District Judge